UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Bruce Harman,<br><br>                    Plaintiff,<br><br>v.<br><br>Golden Eagle Insurance Co., et al.,<br><br>                    Defendants. | Case No.: 17-cv-2328-AJB-MDD<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE**<br><br>**(Doc. No. 4.)** |

Defendant Golden Eagle Insurance Co. moves to strike allegations from plaintiff Gregory Harman's complaint based on the mediation and litigation privileges. The Court finds the mediation privilege applies to a portion of the challenged paragraphs, but that the litigation privilege does not apply in a bad faith insurance litigation case. Accordingly, the Court **DENIES IN PART AND GRANTS IN PART** defendant's motion to strike. (Doc. No. 4.) Paragraphs 19 and 20 are to be stricken as stated in this Order.

### I. BACKGROUND

Plaintiff Gregory Harman was involved in an automobile accident in 2011. (Doc. No. 1-2 ¶ 7.) The other party in the accident was insured by Viking Insurance, who tendered $15,000 to plaintiff in 2013. (*Id.* ¶ 7–8.) In 2014, Harman demanded $674,525 from Golden Eagle under the policy's uninsured motorist coverage, however Golden Eagle did not respond to Harman's offer. (*Id.* ¶ 9–10.) Harman then demanded arbitration.

1

(*Id.* ¶ 12.) Based on Golden Eagle's conduct at the mediation and arbitration, and after, Harman brought this suit for breach of contract and breach of implied covenant of good faith and fair dealing.

## II. LEGAL STANDARDS

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial and impertinent matters are generally defined as allegations which have no bearing or relevance on the issues before the Court. *See In re 2TheMart.com, Inc. Securities Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). But, "[the] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). The court views the pleading in the light most favorable to the nonmoving party. *Id.*

## III. DISCUSSION

Golden Eagle requests the Court strike paragraphs 13–27, 29–37, 46(c), 46(g), and 46(l) from the complaint. (Doc. No. 4 at 1.) Harman argues these statements go to the heart of his tortious breach of implied covenant of good faith and fair dealing claim. (Doc. No. 9.)

Golden Eagle hangs its hat on both the mediation and litigation privileges. The offending paragraphs provide information regarding the discovery and mediation phases of the parties' history. Paragraphs 13–16 discuss specific discovery requested and noticed. Paragraphs 17–20 tell the story of the August 31, 2015 mediation between Harman and Golden Eagle, which includes what the defendants and their agents/attorneys said, did, and offered. Paragraphs 21–22 discuss a statutory offer Golden Eagle made and alleged they failed to respond to Harman's written demands. Paragraphs 23–27 describe events which took place at the August 3, 2016 arbitration hearing. Paragraphs 29–37 discuss allegations related to Golden Eagle's handling of its expert and other witnesses, other evidence allegedly improperly introduced in arbitration, and Harman's other complaints with generally how Golden Eagle conducted the arbitration, such as during closing arguments.

The subsections (c), (g), and (l) under paragraph 46 allege the ways Harman believes Golden Eagle breached their duties.

**A. The Mediation Privilege**

The first privilege Golden Eagle asserts is the mediation privilege. Golden Eagle maintains paragraphs 17–20 should be stricken for violating this privilege. (Doc. No. 4-1 at 10.) Found in California Evidence Code § 1119(a)–(c), the privilege states:

> (a) No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.
>
> (b) No writing, as defined in Section 250, that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.
>
> (c) All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential.

First, the Court notes that paragraph 17 depicts events leading up to the mediation. Paragraph 17 refers to the time Harman appeared at the mediation, who the mediator was, and what Golden Eagle had offered to Harman prior to the mediation. The Court finds § 1119 is not applicable to paragraph 17 because it does not contain any disclosures of information gleamed from mediation. *See* Cal. Evid. Code § 1120(b)(3) (stating that the privilege does not limit "[d]isclosure of the mere fact that a mediator has served . . . in a dispute."); *Blodgett v. Allstate Ins. Co.*, No. 2:11–cv–02408–MCE–KJN, 2012 WL 2377031, at *5–6 (June 22, 2012) ("The fact that a mediation was held on that date is not information protected by either Rule 408 or California Evidence Code § 1119 and is not otherwise properly subject to a motion to strike."). Next, paragraph 18 fails to trigger

§ 1119 because it does not include anything said, an admission, a writing, communication, negotiation, or settlement discussion. It only alleges who Golden Eagle's attorney was, timing issues, and the attorney's attempt to obtain authority to make an offer. (Doc. No. 1-2 ¶ 18.) Thus, the privilege cannot be applied to either paragraph 17 or 18.

As to paragraphs 19 and 20, there is an apparent conflict between California's strict mediation privilege, and the Federal Rules of Evidence. Federal Rule 501 states in civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Because the Court exercises diversity jurisdiction to apply California substantive law regarding breach of contract and bad faith, Rule 501 seemingly requires the application of § 1119. However, Federal Rule 408 allows evidence of settlement negotiations to be admitted not to prove liability, but to refute a claim of undue delay or bad faith—exactly Harman's case. This very dilemma was discussed in a footnote in a central district of California case, *Milhouse v. Travelers Commercial Ins. Co.*, 982 F. Supp. 2d 1088, 1109 n.10 (C.D. Cal. 2013). While the Court "harbor[ed] doubts that the Federal Rules of Evidence intended themselves to be subordinated to the application of state evidence law," it ultimately did not need to reach the question. *Id.*

Only a few courts have reached the merits of this issue, and, unsurprisingly, there is a split. One court held that even though § 1119 controlled, under Rule 408, "the Mediation Agreement is admissible for the purposes of the MTD." *Asics America Corp. v. Lutte Licensing Group LLC*, Case No. SACV 13–1993–JGB (JPRx), 2014 WL 10538912, at *6 (C.D. Cal. Apr. 28, 2014). Another court held a complaint which included a specific dollar amount offered—as Harman does here—in mediation was unnecessary to show bad faith. *Blodgett*, 2012 WL 2377031 at *5–6. The court stated plaintiff could allege that "Allstate offered less than she felt was due . . . without referencing specific dollar amounts. . . ." *Id.* at *6.

While this Court finds it troubling that a bad actor could potentially hide behind his poor actions during mediation, California's mediation law is airtight. The California Supreme Court has held that there are "no exceptions to the confidentiality of mediation

4

communications." *Foxgate Homeowners' Ass'n, Inc. v. Bramalea California, Inc.*, 26 Cal. 4th 1, 4 (2001). The one court allowing a party to bring in evidence from a mediation only did so for the limited purpose in deciding a dismissal motion, and made sure to note defendants could re-raise the objection in "future stages of litigation." *Asics America Corp.*, 2014 WL 10538912 at *9 n.5. Additionally, as the *Blodgett* court stated, Harman has not stated why these exact amounts and other information "are necessary to bring [his] bad faith claims." *Blodgett*, 2012 WL 2377031 at *6. The Court realizes this information adds another string to Harman's bow, but Harman's case does not rest on these particular allegations.

Finally, Harman's reliance on a California Supreme Court case supporting his position is misplaced. (Doc. No. 9 at 2 (referencing *Rojas v. Superior Court*, 33 Cal. 4th 407, 424 n.8 (2004)).) In *Rojas*, the Court held that facts otherwise discoverable do not become privileged simply because they were referenced or disclosed during a mediation. *Rojas*, 33 Cal. 4th at 424 n.8 ("'[e]vidence otherwise admissible or subject to discovery outside of a mediation,' . . . do[es] not 'become inadmissible or protected from disclosure solely by reason of [their] introduction or use in a mediation. . . .'" (citing Cal. Evid. Code § 1120(a)). Harman is correct, though, that the rule does not protect conduct—only communications and writings. *Foxgate*, 26 Cal. 4th at 18.

The Court finds *Blodgett*'s holding a reasonable compromise. Harman may not allege the exact dollar amounts offered in settlement, but may reference them in other descriptive ways; i.e., as suggested in *Blodgett*. The allegations of what was said or communicated in mediation as stated in paragraph 20 also squarely falls within the § 1119 privilege and must be stricken. Thus, the Court **GRANTS** Golden Eagle's motion to strike paragraphs 19 and 20, but **DENIES** its request to strike paragraphs 17 and 18.

### B. The Litigation Privilege

Golden Eagle argues the rest of the challenged paragraphs—13–16, 21–27, 29–37, and 46(c), (g), and (l)—should be struck based on the litigation privilege. (Doc. No. 4-1 at 14.) The litigation privilege "applies to any communication (1) made in judicial or quasi-

judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990); Cal. Civ. Code § 47. However, relatively recent case law discussion on this has carved out an exception to the litigation privilege when an insured is attempting to introduce evidence of the insurer's litigation conduct in bad faith insurance cases. *See Fidelity Nat. Financial, Inc. v. National Union Fire Ins. Co. of Pittsberg, PA*, No. 09–CV–140–GPC–KSC, 2014 WL 1286392, at *6 (S.D. Cal. Mar. 28, 2014); *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 887 (1985) (In Bank); *Competitive Technologies v. Fujitsu Ltd.*, 285 F. Supp. 2d 1118, 1153 (N.D. Cal. 2003).

*Fidelity* specifically discusses the litigation privilege in the bad faith insurance context, holding "[t]he litigation privilege does not bar evidence concerning aggressive litigation tactics for the purpose of trying to show an insurance company's bad faith conduct." *Fidelity*, 2014 WL 1286392 at *6. That case details a bit of California's jurisprudence on the matter—including the California Supreme Court's In Bank decision in *White*—and concludes that "Civil Code § 47 is a limitation on liability and has 'never been thought to bar the evidentiary use' of litigation statements." *Id.* (citing *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168 (1986)). Thus, *Fidelity* maintained, when misconduct allegations put the individual's intent at issue, statements made even in a judicial proceeding can be used for evidentiary purposes. *Id.* This is indeed *White*'s very holding. The California Supreme Court allowed White, an insured, to introduce evidence of litigation misconduct to prove breach of the good faith covenant. *White*, 40 Cal. 3d at 887–89. The *White* Court made sure to draw a "careful distinction between (1) imposing liability 'based squarely on a privileged communication,' such as founding a defamation cause of action on a judicial communication, and (2) an insured using 'an underlying course of conduct evidenced by the communication' to 'prove liability for breach of the covenant.'" *Fidelity*, 2014 WL 1286392 at *6 (citing *White*, 40 Cal. 3d at 888–89). The latter is precisely what Harman alleges.

*Competitive Technology*, a California district court case, also allowed evidence regarding an insurer's bad faith to go through. 286 F. Supp. 2d at 1153–54. The Court stated, "[h]ere, as in *White*, the alleged misrepresentations are offered as evidence of the underlying course of conduct rather than as the actual source of the harm. As a result, the Court concludes that the privilege under section 47(b) does not apply. For the same reason, the privilege under section 47(d) does not apply." *Id.* at 1154. As another district court succinctly put it, "[i]n California, an insured can introduce evidence of the insurer's conduct during the litigation to support a claim of bad faith, but the claim cannot be based exclusively on the insurer's pleadings." *Evanston Ins. Co. v. OEA, Inc.*, No. CIV021505DFLPAN, 2005 WL 3500799, at *4 (E.D. Cal. Dec. 20, 2005).

Thus, despite the well-established litigation privilege, because Harman's complaint alleges bad faith based on the very statements and actions Golden Eagle seeks to strike, the Court **DENIES** Golden Eagle's motion to strike paragraphs 13–16, 21–27, 29–37, and 46(c), (g), and (l).

## V. CONCLUSION

The Court finds the mediation privilege bars paragraphs 19 and 20, but that the litigation privilege is inapplicable to Harman's bad faith insurance case. Thus, the Court **DENIES IN PART AND GRANTS IN PART** Golden Eagle's motion to strike. (Doc. No. 4.) Paragraphs 19 and 20 contain privileged information, however, all other requests to strike are denied.

Harman must file any amended complaint by **April 26, 2018**, amending only as to the Court's instructions herein—namely, omitting and/or changing the information found in paragraphs 19 and 20.

**IT IS SO ORDERED.**

Dated: April 16, 2018

Hon. Anthony J. Battaglia
United States District Judge